# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

316
CA 10-00102
PRESENT: SMITH, J.P., FAHEY, CARNI, LINDLEY, AND GORSKI, JJ.

---

BOY SCOUTS OF AMERICA,
PLAINTIFF-RESPONDENT-APPELLANT,

V                                              MEMORANDUM AND ORDER

CAYUGA COUNTY COUNCIL NO. 366, BOY SCOUTS OF
AMERICA, CAYUGA YOUTH TRUST, MICHAEL FERRO,
WALTER LOWE, CHARLES BOULEY, JR., AND DONALD
GRILLO, DEFENDANTS-APPELLANTS-RESPONDENTS.

---

HISCOCK & BARCLAY, LLP, SYRACUSE (ANGELA C. WINFIELD OF COUNSEL), FOR
DEFENDANTS-APPELLANTS-RESPONDENTS.

BOND, SCHOENECK & KING, PLLC, SYRACUSE (S. PAUL BATTAGLIA OF COUNSEL),
FOR PLAINTIFF-RESPONDENT-APPELLANT.

---

Appeal and cross appeal from an order of the Supreme Court,
Cayuga County (Ann Marie Taddeo, J.), entered December 29, 2009.  The
order, inter alia, granted in part the motion of plaintiff for summary
judgment.

It is hereby ORDERED that the order so appealed from is
unanimously vacated on the law without costs and the matter is
remitted to Supreme Court, Cayuga County, for further proceedings
pursuant to N-PCL 511.

Memorandum:  Defendants appeal and plaintiff cross-appeals from
an order that, inter alia, granted that part of plaintiff's motion for
summary judgment seeking an order directing defendants to turn over to
plaintiff the property of defendant Cayuga County Council No. 366, Boy
Scouts of America (hereafter, Cayuga Council), including property that
had previously been transferred by the Cayuga Council to defendant
Cayuga Youth Trust.  We agree with defendants on their appeal that
Supreme Court erred in ordering a transfer of substantially all of the
Cayuga Council's property to plaintiff without first providing the
requisite notice to the Attorney General (*see generally Wiggs v
Williams*, 36 AD3d 570; *St. Andrey Bulgarian E. Orthodox Cathedral
Church v Bosakov*, 272 AD2d 55).  Where, as here, a Type B corporation
pursuant to N-PCL 201 (b) is disposing of substantially all of its
assets, the disposition requires judicial approval (*see* N-PCL 510 [a]
[3]).  N-PCL 511 sets forth the procedure for obtaining judicial
approval and requires that the court, upon receiving a petition for
approval of a disposition, "*shall* direct that a minimum of [15]
days['] notice be given by mail or in person to the [A]ttorney

[G]eneral" (N-PCL 511 [b] [emphasis added]).  Here, the record establishes that no such notice was provided to the Attorney General. We therefore vacate the order and remit the matter to Supreme Court for further proceedings in accordance with N-PCL 511.  In view of our determination, we do not address plaintiff's cross appeal.

Entered:  April 1, 2011                    Patricia L. Morgan
                                           Clerk of the Court